SANJEET K. DUTTA (CA Bar No. 203463)
sdutta@kslaw.com
JOHN O. GILMORE (CA Bar No. 227053)
jgilmore@kslaw.com
KING & SPALDING LLP
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA  94065
Telephone:  (650) 590-0700
Facsimile:  (650) 590-1900

[*Additional Names of Counsel Listed On Signature Page*]

Attorneys for Defendants
FUNZIO, INC. and
FUNZIO USA, INC.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| GAMETEK LLC<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.; FACEBOOK OPERATIONS, LLC; FACEBOOK PAYMENTS, INC.; FACEBOOK SERVICES, INC.; 6WAVES LLC f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a SIX WAVES; 6WAVES TECHNOLOGIES, LLC f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a SIX WAVES; 6WAVES US, INC. f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a SIX WAVES; BIG VIKING GAMES INC. f/k/a TALLTREE GAMES; BUFFALO STUDIOS LLC; CIE GAMES, INC.; CROWDSTAR INTERNATIONAL LIMITED; CROWDSTAR INC.; CROWDSTAR NETWORK, LLC; ELECTRONIC ARTS INC. d/b/a EA INTERACTIVE d/b/a PLAYFISH d/b/a POGO GAMES; FUNZIO, INC.; FUNZIO USA, INC.; ROCKYOU, INC.; SIX WAVES INC. f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a SIX WAVES; THEBROTH INC.; WOOGA GMBH; and ZYNGA INC.<br><br>Defendants. | Case No. 3:12-cv-00501 BEN (RBB)<br><br>**FUNZIO, INC.'S AND FUNZIO USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 7,076,445; AND ASSERTION OF COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:  Honorable Judge Roger T. Benitez<br>Crtrm: 3 |

Defendants Funzio, Inc. and Funzio USA, Inc. (collectively "Funzio"), by and through their attorneys, answer Plaintiff Gametek LLC's ("Gametek's") Complaint for Infringement of U.S. Patent No. 7,076,045.  Funzio denies each and all allegations in the Complaint that it does not expressly admit.

## THE PARTIES

1.      Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 1 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

2.      The allegations set forth in paragraph 2 of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 2 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

3.      The allegations set forth in paragraph 3 of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 3 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

4.      The allegations set forth in paragraph 4 of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 4 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

5.      The allegations set forth in paragraph 5 of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set

forth in paragraph 5 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

6.      The allegations set forth in paragraph 6 of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 6 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

7.      The allegations set forth in paragraph 7 of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 7 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

8.      The allegations set forth in paragraph 8 of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 8 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

9.      The allegations set forth in paragraph 9 of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 9 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

10.      The allegations set forth in paragraph 10 of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 10 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

11.      The allegations set forth in paragraph 11 of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 11 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

12.      The allegations set forth in paragraph 12 of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 12 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

13.      The allegations set forth in paragraph 13 of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 13 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

14.      Funzio admits that Funzio, Inc. is a Delaware corporation. Funzio denies the remainder of the allegations.

15.      Funzio admits that Funzio USA, Inc. is a Delaware corporation. Funzio denies the remainder of the allegations.

16.      The allegations set forth in paragraph 16 (erroneously denoted "10") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 16 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

17.      The allegations set forth in paragraph 17 (erroneously denoted "11") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as

4

to the truth of allegations set forth in paragraph 17 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

18.     The allegations set forth in paragraph 18 (erroneously denoted "12") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 18 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

19.     The allegations set forth in paragraph 19 (erroneously denoted "13") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 19 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

## JURISDICTION AND VENUE

20.     Funzio admits that this action invokes patent laws of the United States, and that this Court has subject matter jurisdiction over patent law claims.

21.     Funzio admits that this Court has personal jurisdiction over Funzio.  Funzio is without knowledge or information sufficient to form a belief as to the truth of remainder of allegations set forth in paragraph 21 (erroneously denoted "15") of the Complaint; and at least on this basis Funzio denies them.

22.     Funzio admits that the Southern District of California is a proper venue as to Funzio.  Funzio is without knowledge or information sufficient to form a belief as to the truth of remainder of allegations set forth in paragraph 22 (erroneously denoted "16") of the Complaint; and at least on this basis Funzio denies them.

## JOINDER

23.     Funzio denies that joinder is proper.   Funzio is without knowledge or information sufficient to form a belief as to the truth of remainder of allegations set forth in

5

paragraph 23 (erroneously denoted "17") of the Complaint; and at least on this basis Funzio denies them.

**COUNT I**

**INFRINGMENT OF U.S. PATENT NO. 7,076,445**

24.     Funzio admits that U.S. Patent No. 7,076,445 ("the '445 patent") is entitled "SYSTEM AND METHODS FOR OBTAINING ADVANTAGES AND TRANSACTING THE SAME IN A COMPUTER GAMING ENVIRONMENT."  Funzio admits that the '445 patent states on its face that it issued on July 11, 2006.

25.     Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 25 (erroneously denoted "19") the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

26.     Denied.

27.     Funzio denies the allegations set forth in paragraph 27 (erroneously denoted "21") of the Complaint as to Crime City.  The remaining allegations of paragraph 27 are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations, and at least on this basis Funzio denies the remaining allegations.

28.     The allegations set forth in paragraph 28 (erroneously denoted "22") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 28 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

29.     The allegations set forth in paragraph 29 (erroneously denoted "23") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 29 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

6

30.     The allegations set forth in paragraph 30 (erroneously denoted "24") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 30 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

31.     The allegations set forth in paragraph 31 (erroneously denoted "25") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 31 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

32.     The allegations set forth in paragraph 32 (erroneously denoted "26") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 32 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

33.     The allegations set forth in paragraph 33 (erroneously denoted "27") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 33 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

34.     The allegations set forth in paragraph 34 (erroneously denoted "28") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 34 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

35.     The allegations set forth in paragraph 35 (erroneously denoted "29") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that

7

an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 35 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

36.     The allegations set forth in paragraph 36 (erroneously denoted "30") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 36 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

37.     The allegations set forth in paragraph 37 (erroneously denoted "31") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 37 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

38.     The allegations set forth in paragraph 38 (erroneously denoted "32") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 38 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

39.     The allegations set forth in paragraph 39 (erroneously denoted "33") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 39 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

40.     The allegations set forth in paragraph 40 (erroneously denoted "34") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as

8

to the truth of allegations set forth in paragraph 40 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

41.     The allegations set forth in paragraph 41 (erroneously denoted "35") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 41 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

42.     The allegations set forth in paragraph 42 (erroneously denoted "36") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 42 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

43.     The allegations set forth in paragraph 43 (erroneously denoted "37") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 43 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

44.     The allegations set forth in paragraph 44 (erroneously denoted "38") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 44 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

45.     The allegations set forth in paragraph 45 (erroneously denoted "39") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 45 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

9

46.      The allegations set forth in paragraph 46 (erroneously denoted "40") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 46 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

47.      The allegations set forth in paragraph 47 (erroneously denoted "41") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 47 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

48.      The allegations set forth in paragraph 48 (erroneously denoted "42") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 48 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

49.      The allegations set forth in paragraph 49 (erroneously denoted "43") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 49 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

50.      The allegations set forth in paragraph 50 (erroneously denoted "44") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 50 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

51.      The allegations set forth in paragraph 51 (erroneously denoted "45") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that

10

an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 51 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

52.     The allegations set forth in paragraph 52 (erroneously denoted "46") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 52 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

53.     The allegations set forth in paragraph 53 (erroneously denoted "47") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 53 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

54.     Denied.

55.     Denied.

56.     The allegations set forth in paragraph 56 (erroneously denoted "50") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 56 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

57.     The allegations set forth in paragraph 57 (erroneously denoted "51") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 57 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

58.     The allegations set forth in paragraph 58 (erroneously denoted "52") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that

11

an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 58 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

59.    The allegations set forth in paragraph 59 (erroneously denoted "53") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 59 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

60.    The allegations set forth in paragraph 60 (erroneously denoted "54") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 60 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

61.    The allegations set forth in paragraph 61 (erroneously denoted "55") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 61 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

62.    The allegations set forth in paragraph 62 (erroneously denoted "56") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 62 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

63.    The allegations set forth in paragraph 63 (erroneously denoted "57") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as

12

to the truth of allegations set forth in paragraph 63 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

64.     The allegations set forth in paragraph 64 (erroneously denoted "58") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 64 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

65.     The allegations set forth in paragraph 65 (erroneously denoted "59") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 65 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

66.     The allegations set forth in paragraph 66 (erroneously denoted "60") of the Complaint are not directed to Funzio and thus require no answer from Funzio.  To the extent that an answer is required, Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 66 the Complaint; and at least on this basis Funzio denies each and all allegations set forth therein.

## PRAYER FOR RELIEF

Funzio denies that Gametek is entitled to the relief it requests in the Complaint, or to any other relief.

## DEMAND FOR JURY TRIAL

Gametek's demand for trial by jury of any issues so triable by right does not state any allegation.  To the extent that any allegation is included in the demand, Funzio denies each and all allegations therein.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

## (Lack of standing)

13

1.     On information and belief, Gametek lacks rights in the '445 patent sufficient for standing to sue for patent infringement.

## SECOND DEFENSE

### (Non-infringement)

2.     Funzio has not and does not infringe any valid and enforceable claim of the '445 patent under any theory of patent infringement (i.e. acts in violation of 35 U.S.C. § 271 or a judicial doctrine of equivalents).

## THIRD DEFENSE

### (Invalidity)

3.     Each and all claims of the '445 patent are invalid for failure to satisfy requirements for patent under Title 35 of United States Code, including without limitation, 35 U.S.C. § § 101, 102, 103, 112, and/or 116.

## FOURTH DEFENSE

### (Patent Unenforceability)

4.     Gametek's claims are barred, in whole or in part, by doctrines of inequitable conduct, unclean hands, laches, equitable estoppel, acquiescence, waiver; and patent misuse.

## FIFTH DEFENSE

### (Dedication to public)

5.     The owner of the '445 patent has dedicated to the public all methods, apparatus, and products disclosed in the '445 patent, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, apparatus, or products.

## SIXTH DEFENSE

### (Limitations on Damages)

6.     Gametek's claim for damages, if any, against Funzio for alleged infringement of the '445 patent are limited by 35 U.S.C. §§ 286, 287 and 288.

## SENVENTH DEFENSE

### (Attorney Fees)

14

7.      This case is exceptional against Gametek under 35 U.S.C. § 285.

## COUNTERCLAIMS

### THE PARTIES

1.      Funzio, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 55 Second Street, 4th Floor, San Francisco, California 94105.

2.      Funzio USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 55 Second Street, 4th Floor, San Francisco, California 94105.

3.      On information and belief, Gametek LLC is a corporation organized and existing under the laws of the State of California, with a principal place of business located at 500 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

### JURISDICTION AND VENUE

4.      Subject to Funzio's affirmative defenses and denials, Funzio alleges that this Court has jurisdiction over the subject matter of these Counterclaims under Title 28 of United States Code, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

5.      This Court has personal jurisdiction over plaintiff at least because Gametek filed its Complaint with the Court.

6.      The Southern District of California is a proper venue for these Counterclaims at least to the extent that this Court is a proper venue for Gametek's claims.

### FACTUAL BACKGROUND

7.      In its Complaint, Gametek asserts that Funzio has been and now is infringing U.S. Patent 7,076,445 ("the '445 patent").

### COUNT ONE

### DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,076,445

15

8.      Funzio restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

9.      Funzio has not and does not infringe any valid and enforceable claim of the '445 patent under any theory of patent infringement (i.e. acts in violation of 35 U.S.C. § 271 or a judicial doctrine of equivalents).

10.     An actual case or controversy exists between Funzio and Gametek as to whether Funzio infringes the '445 patent.

11.     A judicial declaration is necessary and appropriate so that Funzio may ascertain its rights in relation to the '445 patent.

12.     This is an exceptional case under 35 U.S.C. § 285 because Gametek filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT TWO

## DECLARATORY JUDGEMENT OF INVALIDITY OF U.S. PATENT NO. 7,076,445

13.     Funzio restates and incorporates by reference its allegations in paragraphs 1–7 of its Counterclaims.

14.     Each and all claims of the '445 patent are invalid for failure to satisfy requirements for patent under Title 35 of United States Code, including without limitation, 35 U.S.C. § § 101, 102, 103, 112, and/or 116.

15.     An actual case or controversy exists between Funzio and Gametek as to whether the '445 patent is invalid.

16.     A judicial declaration is necessary and appropriate so that Funzio may ascertain its rights in relation to the '445 patent.

17.     This is an exceptional case under 35 U.S.C. § 285 because Gametek filed its Complaint with knowledge of the facts stated in this Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Funzio prays for relief as follows:

a.      A judgment dismissing Gametek's Complaint against Funzio with prejudice;

16

b.    A judgment in favor of Funzio on each and all of its Affirmative Defenses;

c.    A declaration that Funzio has not and does not infringe any valid and enforceable claim of the '445 patent under any theory of patent infringement;

d.    A declaration that each and all of the claims of the '445 patent are invalid;

e.    A declaration that this case is exceptional, and an award to Funzio of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

f.    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Funzio demands trial by jury of any and all issues in this action so triable by right under Rule 38 of the Federal Rules of Civil Procedure.

DATED:  May 3, 2012                     KING & SPALDING LLP


                                        By:   _/s/ John O. Gilmore_____
                                              JOHN O. GILMORE

                                        SANJEET K. DUTTA (CA Bar No. 203463)
                                        sdutta@kslaw.com
                                        JOHN O. GILMORE (CA Bar No. 227053)
                                        jgilmore@kslaw.com
                                        KING & SPALDING LLP
                                        333 Twin Dolphin Drive, Suite 400
                                        Redwood Shores, CA  94065
                                        Telephone:  (650) 590-0700
                                        Facsimile:  (650) 590-1900


                                        SCOTT T. WEINGAERTNER (*Pending Pro Hac Vice*)
                                        sweingaertner@kslaw.com
                                        ROBERT F. PERRY (*Pending Pro Hac Vice*)
                                        rperry@kslaw.com
                                        KING & SPALDING LLP
                                        1185 Avenue of the Americas
                                        New York, NY  10036
                                        Telephone:  (212) 556-2310
                                        Facsimile:  (212) 556-2222


                                        Attorneys for Defendants
                                        FUNZIO, INC. and  FUNZIO USA, INC.

17

**CERTIFICATE OF SERVICE**

Service to parties who are registered users of the CM/ECF system is through the CM/ECF system.  Service to parties who are not registered users of the CM/ECF system is through United States Postal Service, or a third-party commercial carrier.

I certify that, on May 3, 2012, I electronically filed the foregoing **FUNZIO, INC.'S AND FUNZIO USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 7,076,445; AND ASSERTION OF COUNTERCLAIMS** with the Clerk of the United States District Court for the Southern District of California through the CM/ECF system.

I further certify that, on May 3, 2012, I deposited the foregoing **FUNZIO, INC.'S AND FUNZIO USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 7,076,445; AND ASSERTION OF COUNTERCLAIMS** with the United States Postal Service for First-Class, postage prepaid, delivery to:

Big Viking Games, Inc.                          Rockyou, Inc.
124 Chantry Place #205                          425 Broadway Street
London, Ontario N6G5A5 Canada                   Redwood City, CA 94063
Wooga GMBH
Saarbrücker Straße 38
10405 Berlin, Germany


                                    /s/  Diana Sciamanna
                                    Diana Sciamanna

18