WAYNE BARSKY, SBN 116731
  wbarsky@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park E
Los Angeles, CA  90067-3026
Telephone:  310.557.8183
Facsimile:  310.552.7010

JASON LO, SBN 219030
  jlo@gibsondunn.com
JORDAN BEKIER, SBN 273185
  jbekier@gibsondunn.com
CASSANDRA GAEDT, SBN 280969
  cgaedt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for FUNZIO, INC. and FUNZIO USA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMETEK LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>FACEBOOK, INC.; FACEBOOK OPERATIONS, LLC; FACEBOOK PAYMENTS, INC.; FACEBOOK SERVICES, INC.; 6WAVES LLC f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a SIX WAVES; 6WAVES TECHNOLOGIES, LLC f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a SIX WAVES; BIG VIKING GAMES INC. f/k/a TALL TREE GAMES; BUFFALO STUDIOS LLC; CIE GAMES, INC.; CROWDSTAR INTERNATIONAL LIMITED; CROWDSTAR INC.; CROWDSTAR NETWORK, LLC; ELECTRONIC ARTS INC. d/b/a EA INTERACTIVE d/b/a PLAYFISH d/b/a POGO GAMES; FUNZIO, INC.; FUNZIO USA, INC.; ROCKYOU, INC.; SIX WAVES INC. f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a SIX WAVES; THEBROTH INC.; WOOGA GMBH; ZYNGA INC.; and DIGITAL CHOCOLATE, INC.,<br><br>                Defendants. | CASE NO. 12CV00501-BEN-RBB<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS FUNZIO, INC. AND FUNZIO USA, INC. TO THE FIRST AMENDED COMPLAINT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Defendant Funzio, Inc. and Funzio USA, Inc. ("Funzio"), by and through its attorneys, answers Plaintiff Gametek LLC's ("Plaintiff's") First Amended Complaint ("Complaint") and asserts defenses and counterclaims as follows[1]:

**THE PARTIES**

1. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and, on that basis, denies each and every allegation of paragraph 1 of the Complaint.

2. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint and, on that basis, denies each and every allegation of paragraph 2 of the Complaint.

3. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and, on that basis, denies each and every allegation of paragraph 3 of the Complaint.

4. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and, on that basis, denies each and every allegation of paragraph 4 of the Complaint.

5. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and, on that basis, denies each and every allegation of paragraph 5 of the Complaint.

6. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and, on that basis, denies each and every allegation of paragraph 6 of the Complaint.

---

[1] Funzio USA, Inc. no longer exists. It was recently dissolved as part of the acquisition of Funzio, Inc. by GREE International, Inc.

7. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and, on that basis, denies each and every allegation of paragraph 7 of the Complaint.

8. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and, on that basis, denies each and every allegation of paragraph 8 of the Complaint.

9. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and, on that basis, denies each and every allegation of paragraph 9 of the Complaint.

10. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, on that basis, denies each and every allegation of paragraph 10 of the Complaint.

11. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and, on that basis, denies each and every allegation of paragraph 11 of the Complaint.

12. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and, on that basis, denies each and every allegation of paragraph 12 of the Complaint.

13. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and, on that basis, denies each and every allegation of paragraph 13 of the Complaint.

14. Funzio admits that Funzio, Inc. is a Delaware corporation. Funzio denies the remainder of the allegations in paragraph 14 of the complaint.

15. Funzio admits that Funzio USA, Inc. was a Delaware corporation (see Footnote 1 above). Funzio denies the remainder of the allegations of paragraph 15 of the complaint.

16. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph 16 of the Complaint and, on that basis, denies each and every allegation of this paragraph 16 of the Complaint.

17. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and, on that basis, denies each and every allegation of paragraph 17 of the Complaint.

18. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and, on that basis, denies each and every allegation of paragraph 18 of the Complaint.

19. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and, on that basis, denies each and every allegation of paragraph 19 of the Complaint.

20. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint and, on that basis, denies each and every allegation of paragraph 20 of the Complaint.

**JURISDICTION AND VENUE**

21. Funzio admits that Plaintiff purports to bring this action under Title 35 of the United States Code as a claim for patent infringement. Funzio denies that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. Funzio admits that subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, Funzio denies the allegations of paragraph 21 of the complaint.

22. Funzio admits only that this Court has personal jurisdiction over Funzio for purposes of this action. Funzio denies that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. To the extent that the allegations of this paragraph contain legal conclusions, no response is required. Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph as applied to other defendants, and on that basis, denies each and every remaining allegation of paragraph 22 of the Complaint. Except as expressly admitted herein, Funzio denies the allegations of paragraph 22 of the Complaint.

23.     Funzio admits venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) as to Funzio for purposes of this action only, but further states that venue is proper in other districts pursuant to 28 U.S.C. §§ 1391, 1391(c) and 1400(b), and Funzio reserves all rights to move for transfer of venue of this action, severance, or consolidation with other related actions. Funzio denies that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. Funzio is without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph related to other defendants and, on that basis, denies each and every remaining allegation of paragraph 23 of the Complaint. Except as expressly admitted herein, Funzio denies the allegations of paragraph 23 of the complaint.

**JOINDER**

24.     Funzio denies each and every allegation of paragraph 24. Funzio maintains that joinder of Funzio in this action is expressly prohibited under 35 U.S.C. § 299.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 7,076,445**

25.     Funzio admits that United States Patent No. 7,076,445 ("the '445 patent"), is entitled "SYSTEM AND METHODS FOR OBTAINING ADVANTAGES AND TRANSACTING THE SAME IN A COMPUTER GAMING ENVIRONMENT." Funzio further admits that the '445 patent states, on its face, that it was issued on July 11, 2006. Except as expressly admitted herein, Funzio denies the allegations of paragraph 25 of the Complaint.

26.     Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint and, on that basis, denies each and every allegation of paragraph 26 of the Complaint.

27.     Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint and, on that basis, denies each and every allegation of paragraph 27 of the Complaint.

28.     Funzio denies each and every allegation set forth in paragraph 28 as it relates to Crime City. Funzio is without knowledge or information sufficient to form a belief as to the truth of any

other allegations set forth in paragraph 28 of the Complaint and, on that basis, denies each and every additional allegation of paragraph 28 of the Complaint.

29. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint and, on that basis, denies each and every allegation of paragraph 29 of the Complaint.

30. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint and, on that basis, denies each and every allegation of paragraph 30 of the Complaint.

31. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and, on that basis, denies each and every allegation of paragraph 31 of the Complaint.

32. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and, on that basis, denies each and every allegation of paragraph 32 of the Complaint.

33. Plaintiff's use of the terms "makes", "uses", and "hosts", is ambiguous, and Funzio therefore lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint. Accordingly and on that basis, Funzio denies each and every allegation of paragraph 33 of the Complaint.

34. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint and, on that basis, denies each and every allegation of paragraph 34 of the Complaint.

35. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint and, on that basis, denies each and every allegation of paragraph 35 of the Complaint.

36. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint and, on that basis, denies each and every allegation of paragraph 36 of the Complaint.

37. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint and, on that basis, denies each and every allegation of paragraph 37 of the Complaint.

38. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint and, on that basis, denies each and every allegation of paragraph 38 of the Complaint.

39. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint and, on that basis, denies each and every allegation of paragraph 39 of the Complaint.

40. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint and, on that basis, denies each and every allegation of paragraph 40 of the Complaint.

41. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint and, on that basis, denies each and every allegation of paragraph 41 of the Complaint.

42. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint and, on that basis, denies each and every allegation of paragraph 42 of the Complaint.

43. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint and, on that basis, denies each and every allegation of paragraph 43 of the Complaint.

44. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint and, on that basis, denies each and every allegation of paragraph 44 of the Complaint.

45. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint and, on that basis, denies each and every allegation of paragraph 45 of the Complaint.

46. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint and, on that basis, denies each and every allegation of paragraph 46 of the Complaint.

47. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint and, on that basis, denies each and every allegation of paragraph 47 of the Complaint.

48. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint and, on that basis, denies each and every allegation of paragraph 48 of the Complaint.

49. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint and, on that basis, denies each and every allegation of paragraph 49 of the Complaint.

50. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint and, on that basis, denies each and every allegation of paragraph 50 of the Complaint.

51. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint and, on that basis, denies each and every allegation of paragraph 51 of the Complaint.

52. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint and, on that basis, denies each and every allegation of paragraph 52 of the Complaint.

53. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint and, on that basis, denies each and every allegation of paragraph 53 of the Complaint.

54. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint and, on that basis, denies each and every allegation of paragraph 54 of the Complaint.

55. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint and, on that basis, denies each and every allegation of paragraph 55 of the Complaint.

56. Funzio denies each and every allegation of paragraph 56 of the Complaint.

57. Plaintiff's use of the terms "makes", "uses", and "hosts", is ambiguous, and Funzio therefore lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint. Accordingly and on that basis, Funzio denies each and every allegation of paragraph 57 of the Complaint.

58. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint and, on that basis, denies each and every allegation of paragraph 58 of the Complaint.

59. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint and, on that basis, denies each and every allegation of paragraph 59 of the Complaint.

60. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint and, on that basis, denies each and every allegation of paragraph 60 of the Complaint.

61. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint and, on that basis, denies each and every allegation of paragraph 61 of the Complaint.

62. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint and, on that basis, denies each and every allegation of paragraph 62 of the Complaint.

63. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint and, on that basis, denies each and every allegation of paragraph 63 of the Complaint.

64. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint and, on that basis, denies each and every allegation of paragraph 64 of the Complaint.

65. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint and, on that basis, denies each and every allegation of paragraph 65 of the Complaint.

66. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint and, on that basis, denies each and every allegation of paragraph 66 of the Complaint.

67. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint and, on that basis, denies each and every allegation of paragraph 67 of the Complaint.

68. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint and, on that basis, denies each and every allegation of paragraph 68 of the Complaint.

69. Funzio is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint and, on that basis, denies each and every allegation of paragraph 69 of the Complaint.

70. In response to Plaintiff's Prayer for Relief, Funzio denies that Plaintiff is entitled to any relief sought in paragraphs 1 through 4 of the Prayer for Relief section.

## AFFIRMATIVE DEFENSES

Funzio asserts the following affirmative defenses to the Complaint. Assertion of such a defense is not a concession that Funzio has the burden of proving the matter asserted.

### First Affirmative Defense

71. Plaintiff's claims against Funzio should be dismissed under Rule 21 of the Federal Rules of Civil Procedure, and under 35 U.S.C. § 299, for improper joinder of parties.

### Second Affirmative Defense

72. Funzio has not infringed, and does not infringe, either literally, by application of the doctrine of equivalents, or jointly, the '445 patent.

### Third Affirmative Defense

73. The '445 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

74. Plaintiff is not entitled to any injunction relief because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law for any alleged injury, and there is a compelling public interest in allowing Funzio to continue to make, sell, offer to sell, and distribute its offerings.

### Fifth Affirmative Defense

75. Plaintiff's claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### Sixth Affirmative Defense

76. Plaintiff is barred by the doctrines of prosecution history estoppel and prosecution disclaimer from maintaining that Funzio infringes any claim of the '445 patent.

### COUNTERCLAIMS

In addition to its affirmative defenses, Funzio further asserts the following counterclaims against Gametek LLC ("Counterclaim-Defendant").

### THE PARTIES

77. Funzio, Inc. is a corporation duly organized and existing under the laws of Delaware, and its principal place of business is located at 55 Second Street, 4th Floor, San Francisco, CA 94105.  Funzio USA, Inc. was a corporation duly organized and existing under the laws of Delaware, and its principal place of business was located at 55 Second Street, 4th Floor, San Francisco, CA 94105 (see Footnote 1 above).

78. On information and belief, Counterclaim-Defendant is a California limited liability company with its principal place of business at 500 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

## JURISDICTION AND VENUE

79. These Counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

80. This Court has personal jurisdiction over Counterclaim-Defendant at least because it has submitted to the jurisdiction of this Court.

81. Venue is proper under 28 U.S.C. § 1391.

82. On or about July 11, 2006, United States Patent No. 7,076,445 (the "'445 patent") entitled "System and Methods for Obtaining Advantages and Transacting the Same in a Computer Gaming Environment" issued.

83. Counterclaim-Defendant asserts that Funzio infringes the '445 patent. Funzio asserts that the '445 patent is invalid. Funzio further asserts that it has not infringed and is not infringing the '445 patent. Pursuant to 28 U.S.C. § 2201(a), an actual and justiciable controversy has arisen and exists between Funzio and Counterclaim-Defendant.

84. Funzio is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '445 patent, and that the '445 patent is invalid.

## FIRST COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement)**

85. Paragraphs 77-84 are incorporated by reference as if fully set forth herein.

86. On or about February 28, 2012, Counterclaim-Defendant filed its Complaint for Patent Infringement asserting that Funzio infringes the '445 patent.

87. Funzio has not infringed and is not infringing the '445 patent, either literally, by application of the doctrine of equivalents, or jointly.

## SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity)**

88. Paragraphs 77-84 are incorporated by reference as if fully set forth herein.

89. On or about February 28, 2012, Counterclaim-Defendant filed its Complaint for Patent Infringement asserting that Funzio infringes the '445 patent.

90. The '445 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

**PRAYER FOR RELIEF**

WHEREFORE, Funzio prays as follows:

A. That the Complaint be dismissed in its entirety with prejudice and that a Judgment be entered for Funzio;

B. That Plaintiff take nothing by reason of its Complaint;

C. For a declaratory judgment that:

(i) Funzio does not infringe, either literally, by application of the Doctrine of Equivalents, or jointly, any valid and enforceable claim of the '445 patent;

(ii) The '445 patent is invalid; and

(iii) Counterclaim-Defendant, its officers, servants, employees, agents, and attorneys, and all those in concert or participation with them, are without right or authority to threaten or maintain suit against Funzio, its present or prospective customers, agents, servants, or employees, or users of Funzio's products, for alleged infringement of the '445 patent;

D. For an injunction prohibiting Plaintiff, its officers, servants, employees, agents and attorneys, and all those in concert or participation with them who receive actual notice of the injunction, from initiating infringement litigation against and from threatening Funzio, its present or prospective customers, agents, servants, or employees, or users of Funzio's products, with infringement litigation or charging any of them either orally or in writing with infringement of the '445 patent, or representing to any of them that infringement has occurred, because of the manufacture, use, sale, or offer for sale of any Funzio products;

     E.     That Funzio be awarded under 35 U.S.C. § 285 its attorneys' fees and costs of suit incurred in this litigation, as Plaintiff's conduct as set forth above renders this an exceptional case; and

     F.     For such other relief as the Court deems proper.

### DEMAND FOR A JURY TRIAL

Funzio demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all issues that may be tried by a jury.

Dated: June 4, 2012

                        WAYNE BARSKY
                        JASON LO
                        JORDAN BEKIER
                        CASSANDRA GAEDT
                        GIBSON, DUNN & CRUTCHER LLP

                        By:  /s/ Jason Lo
                                     Jason Lo

Attorney for FUNZIO, INC. and FUNZIO USA, INC.

**CERTIFICATE OF SERVICE**

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 333 South Grand Avenue, Los Angeles, California 90071.

On June 4, 2012, I caused the following documents to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to all known counsel of record:

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS FUNZIO, INC. AND FUNZIO USA, INC. TO THE FIRST AMENDED COMPLAINT**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on June 4, 2012, at Los Angeles, California.

/s/ Jason Lo
Jason Lo