# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMETEK LLC, | Case No.: 3:12-cv-501-BEN-RBB |
| Plaintiff, | **ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER [ECF NO. 162]** |
| v. | |
| FACEBOOK, INC.; ET AL., | |
| Defendants. | |
| AND ALL RELATED COUNTERCLAIMS. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all Parties to this lawsuit have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order.

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive or other reasons, normally kept confidential by the parties. Public dissemination and disclosure of these materials could injure or damage the party disclosing or producing the materials and could place that party at a competitive disadvantage. Therefore, to protect the confidentiality of these materials and facilitate

disclosure and production, the parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through and after the conclusion of this litigation.

THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. Counsel

(a) The term "outside counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the respective law firms of counsel of record.

(b) The term "in-house counsel" shall mean in-house attorneys for GAMETEK LLC, in-house attorneys for 6WAVES LLC f/k/a LOLAPPS INC. d/b/a6WAVES LOLAPPS d/b/a SIX WAVES; 6WAVES TECHNOLOGIES, LLC f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a IX WAVES; 6WAVES US, INC. f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a IX WAVES; BIG VIKING GAMES INC. f/k/a TALLTREE GAMES; BUFFALO STUDIOS LLC; CIE GAMES, INC.; CROWDSTAR INTERNATIONAL LIMITED; CROWDSTAR INC.; CROWDSTAR NETWORK, LLC; ELECTRONIC ARTS INC. d/b/a EA INTERACTIVE d/b/a PLAYFISH d/b/a POGO GAMES; FUNZIO, INC.; FUNZIO USA, INC.; ROCKYOU, INC.; SIX WAVES INC. f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a SIX WAVES; THEBROTH INC.; ZYNGA INC.; and DIGITAL CHOCOLATE, INC.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL–FOR OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." "Producing Party" refers to the party (or group of related parties) producing or

designating the Confidential Information. "Receiving Party" refers to the party receiving or inspecting the Confidential Information.

    (a) Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    (b) Designation as "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information, and that a designation of "Confidential" would not provide adequate protection to the interests of the designating party.

    (c) Designation as "HIGHLY CONFIDENTIAL – SOURCE CODE": Any party may designate information as "HIGHLY CONFIDENTIAL – SOURCE CODE" only if, in the good faith belief of such party and its counsel, the information is among that considered to be representing computer code, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must,

within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

(a) the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE;"

(b) the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraphs 7-11 below; and

(c) the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for in the following provisions. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.  In addition, any provisions generally referring to "Confidential Information" or materials marked "CONFIDENTIAL" apply not only to materials designated "CONFDIENTIAL" but also automatically apply to materials designated "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

8. Information designated "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" must be viewed only by outside counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, an executed copy of the form attached hereto as Exhibit A, a current list of all other cases in which, during the previous four (4) years, the witness provided an expert report or testified as an expert at trial or by deposition; seven (7) days in advance of providing any Confidential Information of the producing party to the expert. If a party objects to the disclosure of Confidential Information to an independent consultant or

expert, the objecting party may serve written objections on all parties, identifying with particularity the basis for that objection. Such objections shall not be unreasonably made. Service of the objections shall be made by personal delivery, facsimile, e-mail, or by overnight delivery, within five (5) business days after the date of receipt of the identification of the independent consultant or expert. No disclosure of Confidential Information may be made to such independent consultant or expert until after the expiration of such period for making objections and no objection has been made. The parties shall meet and confer in good faith to resolve objections made to any independent consultant or expert. If the parties cannot agree on disclosure of Confidential Information to the proposed independent consultant or expert, the objecting party shall have an additional seven (7) business days after the meet and confer in which to file a motion for an Order forbidding disclosure to the proposed independent consultant or expert. On any such motion, the objecting party shall have the burden of proof and no disclosure of Confidential Information may be made until after the validity of the objection has been resolved, either by negotiation or the Court.

9. Information designated "CONFIDENTIAL" must be viewed only by outside and in-house counsel (as defined in paragraph 3) of the receiving party, by the Court, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

(a) Executives who are required to participate in policy decisions with reference to this action;

(b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

(c) Stenographic and clerical employees associated with the individual identified above.

10. Information designated "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" must be viewed only by outside counsel (as defined in paragraph 3 of the receiving party), by the Court, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below:

(a) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such outside counsel, in preparation for trial of this action; and

(b) Stenographic and clerical employees associated with the individual identified above.

11. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

12. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the outside counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

13. No items will be filed under seal without a prior application to, and order from, the judge presiding over the hearing or trial. Only when the judge presiding over the hearing or trial permits filing an item or items under seal may confidential material filed with the Court be filed in a sealed envelope or other container marked on the outside with the caption of this action and the following statement:

"CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER."

If any person fails to file protected documents or information under seal, any party to this lawsuit may request that the Court place the filing under seal.

Whenever the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the public document. The public document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part as "CONFIDENTIAL" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information by a party to this action.

14. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

15. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or

inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. <u>Source Code</u>

i.  Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The number of separate days of source code inspection for any Receiving Party shall not exceed fifteen (15) per Producing Party without good cause. Should a Receiving Party wish to conduct inspections in excess of this, the Receiving Party may request a meet and confer to discuss the need for additional days of inspection.

The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device (including paper notes).  The Receiving Party may not take any form of camera or computer storage deviceinto the source code viewing room, except that cellular telephones/smartphones which may include a camera and laptop computers which may include a camera shall be permitted in the source code viewing room, so long as any such camera is covered with masking tape or the equivalent while the device is in the source code viewing room.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during

any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided in this Protective Order. Further, no other written or electronic record of the source code is permitted except as otherwise provided in this Protective Order.

   ii.   The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in this section in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

If the Receiving Party chooses to request or print source code, such printouts are to be of minimum 10-point, fixed-width font, and shall not exceed sixty-five (65) lines of text per page. Additionally, except as otherwise provided herein, the Receiving Party shall not print any continuous block of HIGHLY CONFIDENTIAL – SOURCE CODE material that results in more than 50 printed pages. If the Receiving Party wishes to print or have printed more than 750 pages in aggregate per Producing Party during the case, the Receiving Party may request a meet and confer to discuss the printing of additional code.

   iii.   The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make

additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.  The Receiving Party that wants to use any source code at a deposition may, no earlier than fourteen (14) days prior to any such deposition, make only as many copies, and only of the specific pages, as the Receiving Party intends to actually use at the deposition. If the Receiving Party requests to use the entire printed source code at a deposition, the parties shall meet and confer.  The Receiving Party shall retain the original of any such exhibit, which shall not be appended to the transcript of the deposition, and shall provide a copy of the original exhibit to the Producing Party. At the conclusion of the deposition, the Receiving Party will collect all other copies of the source code.

All paper copies of source code shall be securely destroyed in a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and the exhibit shall be handled as provided in the previous paragraph.  Subject to this paragraph, if the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in the same way paper copies of the source code are stored.

17.   At any time after the delivery of Confidential Information, counsel for the party or parties receiving the Confidential Information may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Confidential Information. If the parties are unable to agree as to whether the confidential

designation of discovery material is appropriate, the party or parties receiving the Confidential Information wishing to contest the designation may file a motion with the Court with regard to any Confidential Information in dispute. Upon the filing of such a motion by the Receiving Party or Parties, the Party or Parties producing the Confidential Information shall have the burden of establishing that the disputed Confidential Information is entitled to confidential treatment. All Confidential Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of any Confidential Information is entitled to confidential treatment.

18.   To the extent that Confidential Information is used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Information contained therein.

19.   No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

20.   If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the

designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL–FOR OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  In addition, the Receiving Party shall use its best efforts to promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and if collected, shall destroy or return them to the Producing Party.  Inadvertent or unintentional production of "CONFIDENTIAL" or "CONFIDENTIAL–FOR OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" documents or information that are not so designated shall not be deemed a waiver in whole or in part of a claim for treatment as "CONFIDENTIAL" or "CONFIDENTIAL–FOR OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

21. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

22. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

23. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

24. Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

25. PROSECUTION BAR

Any Confidential Information is automatically subject to a prosecution bar. Any person who reviews or otherwise learns the contents of Confidential Information produced by another party may not participate, directly or indirectly, in the prosecution of any patent claims on behalf of any party, whether party to this action or not (other than on behalf of the party who produced the Confidential Information at issue), relating to the subject matter disclosed in U.S. Patent No. 7,076,445 from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against the party or parties whose Confidential Information was received or reviewed. These prohibitions are not intended to and shall not preclude counsel from advising on prior art in reexamination proceedings of any patent, but such counsel may not participate directly or indirectly in amending or adding claims in any reexamination or reissue proceedings on behalf of a patentee.

26. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. If hard copy Confidential Information and copies (*e.g.*, printed source code) are destroyed, upon request from the Producing Party, outside counsel for the Receiving Party shall provide a certificate of destruction to the Producing Party. Confidential Information stored electronically (*e.g.*, document productions) shall be deleted; however, the Receiving Party is not required to purge Confidential Information from any archive, backup, or disaster recovery systems. Following request by the Producing Party, outside counsel for the Receiving Party shall provide a certificate of deletion to the Producing Party within 60 days after

such final termination. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

27. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

28. This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires the protection of this Order. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Order.

29. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

30. Nothing in this Protective Order shall be construed as altering the scope of any common interest privilege and/or joint defense privilege that may or may not exist.

31. The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

32. Transmission by facsimile or electronic mail is acceptable for all notification purposes within this order.

33. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

34. This Order may be modified by agreement of the parties, subject to approval by the Court. In the event that a new party is added, substituted, or brought in, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order.

35. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

IT IS SO ORDERED this 7th day of November, 2012.

_____
Ruben B. Brooks, Magistrate Judge
United States District Court

**EXHIBIT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **GAMETEK LLC,** | ) | Case No.: 3:12-cv-00XXX-BEN-RBB |
| | ) | |
| | ) | |
| Plaintiff(s), | ) | AGREEMENT TO BE BOUND |
| | ) | BY PROTECTIVE ORDER |
| vs. | ) | |
| | ) | |
| FACEBOOK, INC.; ET AL., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| AND ALL RELATED COUNTERCLAIMS. | ) | |
| _____ | ) | |

I, _____ , declare and say that:

1.  I am employed as _____

 by _____.

2.  I have read the Protective Order entered in GAMETEK LLC v. FACEBOOK, INC.; FACEBOOK OPERATIONS, LLC; FACEBOOK PAYMENTS, INC.; FACEBOOK SERVICES, INC.; 6WAVES LLC f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a SIX WAVES; 6WAVES TECHNOLOGIES, LLC f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a IX WAVES; 6WAVES US, INC. f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a IX WAVES; BIG VIKING GAMES INC. f/k/a TALLTREE GAMES; BUFFALO STUDIOS LLC; CIE GAMES, INC.; CROWDSTAR INTERNATIONAL LIMITED; CROWDSTAR INC.; CROWDSTAR NETWORK, LLC; ELECTRONIC ARTS INC. d/b/a EA INTERACTIVE d/b/a PLAYFISH d/b/a POGO GAMES; FUNZIO, INC.; FUNZIO USA, INC.; ROCKYOU, INC.; SIX

WAVES INC. f/k/a LOLAPPS INC. d/b/a 6WAVES LOLAPPS d/b/a SIX WAVES; THEBROTH INC.; WOOGA GMBH; ZYNGA INC.; and DIGITAL CHOCOLATE, INC., Case No. 3:12-cv-00501-BEN-RBB, and have received a copy of the Protective Order.

3.  I promise that I will use any and all "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.  I promise that I will not disclose or discuss such "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information with anyone other than the persons described in paragraphs 3 and 8-12 of the General Rules of this Protective Order.

5.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6.  I understand that any disclosure or use of "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____

_____