```
                                            F I L E D

                                        12 DEC -7 AM 11: 19

                                      CLERK U.S. DISTRICT COURT
                                    SOUTHERN DISTRICT OF CALIFORNIA

                                    BY: ___@74___     DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GAMETEK LLC, | CASE NO. 12-CV-501 BEN (RBB) |
|---|---|
| Plaintiff, | ORDER: |
| vs. | (1) GRANTING MOTION TO DISMISS UNDER 25 U.S.C. § 299 AND FEDERAL RULE OF CIVIL PROCEDURE 21 [Docket No. 97] |
| FACEBOOK, INC.; et al., Defendants. | (2) DENYING AS MOOT JOINT MOTIONS TO SEVER CLAIMS AGAINST DEFENDANTS [Docket Nos. 124, 133] |

Presently before the Court is a Motion to Dismiss Under 35 U.S.C. § 299 and Federal Rule of Civil Procedure 21, filed by Defendants Cie Games, CrowdStar Inc., CrowdStar International Limited, CrowdStar Network, LLC (collectively, "CrowdStar"), Electronic Arts Inc. d/b/a EA Interactive d/b/a Playfish d/b/a Pogo Games ("EA"), Funzio, Inc., Funzio USA, Inc. (collectively, "Funzio"), Zynga Inc., and Digital Chocolate, Inc. (Docket No. 97.) In addition, Defendants 6Waves LLC, 6Waves Technologies, LLC, 6Waves US, Inc., Six Waves Inc. (collectively, "6Waves") (Docket No. 98) and RockYou, Inc. (Docket No. 99) joined the Motion to Dismiss.

In the Motion to Dismiss, Defendants sought to be dismissed for improper joinder under 35 U.S.C. § 299 and Rule 21. Under § 299(b), "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit."

Plaintiff voluntarily dismissed Facebook, Inc., Facebook Operations, LLC, Facebook Payments, Inc., and Facebook Services, Inc. (collectively, "Facebook") from this action. (Docket No. 119). Once Facebook had been dismissed, Plaintiff agreed that joinder of the Defendants was no longer appropriate pursuant to § 299(b) or Rule 20. However, Plaintiff argued that the claims against Cie Games, CrowdStar, EA, Funzio, Zynga, Digital Chocolate, 6Waves, and RockYou should be severed into different cases, rather than dismissed from the action. Cie Games, CrowdStar, EA, Funzio, Zynga, Digital Chocolate, and RockYou, along with Plaintiff, subsequently filed Joint Motions to Sever Claims Against Defendants. (Docket Nos. 124, 133.) The parties agreed that the claims against the Defendants should be severed from the action, and the Clerk of Court should open a new case number for each of the Defendants.

"Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21; *see also Medsquire LLC v. Quest Diagnostics, Inc.*, No. 11-CV-04504, 2011 WL 7710203, at *2 (C.D. Cal. Dec. 1, 2011). While a court has discretion to either dismiss parties or sever claims, courts generally prefer dismissing parties over severing claims. *See, e.g., Innovus Prime, LLC v. LG Elecs., Inc.*, No. C 11-04223, 2012 U.S. Dist. LEXIS 6990, at *11 (N.D. Cal. Jan. 18, 2012) ("[C]ourts in the Northern District of California routinely dismiss defendants in . . . patent cases involving misjoinder.").

Here, the Court finds it proper to dismiss Defendants Cie Games, CrowdStar, EA, Funzio, Zynga, Digital Chocolate, 6Waves, and RockYou, rather than sever the claims against them. Accordingly, the Motion to Dismiss is **GRANTED**. Cie Games, CrowdStar, EA, Funzio, Zynga, Digital Chocolate, 6Waves, and RockYou are **DISMISSED**. Should Plaintiff choose to pursue its claims against these Defendants, it may do so in separately filed actions as required by § 299. In addition, the Joint Motions to Sever Claims Against Defendants are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: December 7, 2012

HON. ROGER T. BENITEZ
United States District Judge