FILED
APR 0 8 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMETEK LLC,<br><br>                       Plaintiff,<br><br>vs.<br><br>FACEBOOK, INC.; et al.,<br>                       Defendants. | CASE NO. 12-CV-501 BEN (RBB)<br><br>**ORDER:**<br><br>**(1) DENYING BIG VIKING GAMES' MOTION TO STRIKE UNDISCLOSED CONSTRUCTION AND EXTRINSIC EVIDENCE**<br>[Docket No. 181]<br><br>**(2) DENYING BIG VIKING GAMES' MOTION TO STRIKE PORTION OF GAMETEK LLC'S RESPONSIVE CLAIM CONSTRUCTION BRIEF**<br>[Docket No. 187] |

      Presently before the Court is Defendant Big Viking Games, Inc.'s (1) Motion to Strike Undisclosed Construction and Extrinsic Evidence (Docket No. 181) and (2) Motion to Strike Portion of Plaintiff GameTek LLC's Responsive Claim Construction Brief (Docket No. 187). For the reasons stated below, both Motions are **DENIED**.

    **I.**    **MOTION TO STRIKE UNDISCLOSED CONSTRUCTION AND EXTRINSIC EVIDENCE**

      Big Viking Games moves to strike GameTek's construction of "commitment of consideration" and the dictionary definitions GameTek seeks to rely on for the claim

phrases "set of demographics" and "commitment of consideration."

The July 13, 2013 Scheduling Order sets forth the deadlines for disclosing proposed claim constructions and extrinsic evidence. (Docket No. 129.) On September 6, 2012, the Court modified the deadline for disclosure of proposed claim constructions and extrinsic evidence. (Docket Nos. 141, 151.) On October 15, 2012, the parties exchanged preliminary proposed constructions and extrinsic evidence. (Bekier Decl. [Docket No. 181-2] ¶ 2.) On November 5, 2012, the parties exchanged responsive proposed constructions and extrinsic evidence. (*Id.* ¶ 3.) On November 19, 2012, after meeting and conferring, the parties filed their joint claim construction chart, worksheet, and hearing statement. (Docket Nos. 164, 165, 166.)

On January 13, 2013, the day before the opening claim construction briefs were due, GameTek proposed a different construction, along with three new extrinsic evidence dictionary definitions, for the phrase "commitment of consideration." (Bekier Decl., Exh. A [Docket No. 181-3].) In addition, GameTek disclosed three new extrinsic evidence dictionary definitions for the phrase "set of demographics." (*Id.*, Exh. B [Docket No. 181-4].) Big Viking Games moves to strike GameTek's new proposed construction and extrinsic evidence, arguing that it was unfairly prejudiced in its ability to prepare its opening claim construction brief.

Under Patent Local Rule 4.1, parties are required to exchange "preliminary proposed construction[s] of each claim term, phrase, or clause which the parties have identified for claim construction purposes," and "provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions . . . ." PATENT L.R. 4.1.a & b. The parties then are required to provide responsive claim constructions "setting forth the responding party's alternate construction" and corresponding extrinsic evidence. PATENT L.R. 4.1.c & d.

Under Federal Rule of Civil Procedure 37, however, when a party moves for an order compelling disclosure or discovery, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or

party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). Because this is a discovery and disclosure dispute, Rule 37 applies here. *See Pulse Eng'g, Inc. v. Mascon, Inc.*, No. 08-CV-0595, 2009 WL 250058, at *3 (S.D. Cal. Feb. 3, 2009).

GameTek argues that Big Viking Games never requested a meet and confer to discuss the alleged disclosure deficiencies, as required by Federal Rule of Civil Procedure 37. Big Viking Games does not assert that it requested the required meet and confer, nor does it otherwise address this argument by GameTek. Because Big Viking Games was obligated to make a good faith effort to meet and confer to resolve this dispute before bringing the present motion, Big Viking Games' Motion to Strike Undisclosed Construction and Extrinsic Evidence is **DENIED**.

## II. MOTION TO STRIKE PORTION OF RESPONSIVE CLAIM CONSTRUCTION BRIEF

Big Viking Games moves to strike GameTek's arguments regarding the construction of the term "ordering" in GameTek's Responsive Claim Construction Brief.

In its Opening Claim Construction Brief, GameTek briefly mentioned the term "ordering," and indicated that this term was not in dispute:

> The remaining disputed phrases—"ordering the at least one selected game object without *interrupting* the *gaming action* of the at least one user" . . . —need no further construction beyond *gaming action* and *interrupting*. With each of these phrases, Plaintiff and Defendant are merely repeating their positions with respect to *gaming action*, *interrupting*, and *purchasing*. None of the other words such as "ordering" . . . appear to be in dispute, nor has either side requested construction of those words since they have an easily understandable ordinary meaning.

(Docket No. 178, at 22-23.) Big Viking Games provided a construction for "ordering" in its Opening Claim Construction Brief. (Docket No. 177, at 17-19.)

The parties filed responsive claim construction briefs on January 28, 2013. (Docket Nos. 180, 183.) GameTek's Responsive Claim Construction Brief raised

arguments against Big Viking Games' proposed construction for "ordering." (Docket No. 183, at 20-22.) Big Viking Games moves to strike GameTek's arguments regarding the construction of "ordering" in its Responsive Claim Construction Brief, arguing that it has been prejudiced by GameTek's failure to put forth its affirmative position in its Opening Claim Construction Brief.

Under the Patent Local Rules, parties are required to "simultaneously file and serve opening briefs and any evidence supporting their claim construction." PATENT L.R. 4.4(a). Subsequently, parties are to "simultaneously file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the supporting evidence contained in the opposing party's opening brief." PATENT L.R. 4.4(b).

Here, although GameTek did not advance an affirmative proposed construction for "ordering" in its Opening Claim Construction Brief, GameTek simply responds to Big Viking Games' proposed construction in its Responsive Claim Construction Brief. To the extent that GameTek advanced new arguments that Big Viking Games has not had an opportunity to respond to, Big Viking Games will have an opportunity to address these arguments at the Claim Construction Hearing.

Accordingly, Big Viking Games' Motion to Strike Portion of Gametek LLC's Responsive Claim Construction Brief is **DENIED**.

**IT IS SO ORDERED.**

DATED: April ___, 2013

HON. ROGER T. BENITEZ
United States District Judge